IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER S.,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. 22 C 6491 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jennifer S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On April 4, 2017, Plaintiff filed a claim for DIB, alleging disability since April 1, 2013. Plaintiff's claim was denied throughout the administrative stages, after which she timely appealed to this Court. Finding error, the Court remanded the matter on January 5, 2022. A telephonic remand hearing before an Administrative Law Judge ("ALJ") was held on June 16, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. At the hearing, Plaintiff amended her alleged onset date to August 17, 2015.

On July 28, 2022, the ALJ again denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's July 28, 2022 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

In the ALJ's July 28, 2022 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of August 27, 2015 through her date last insured of

December 31, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: multiple sclerosis; obesity; migraine headaches; fibromyalgia; restless leg syndrome; single-port surgery for malignant neoplasm of the anal canal; and degenerative joint disease of the right shoulder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: could never climb ladders, ropes, or scaffolds and only occasionally climb ramps and stairs; could occasionally balance and stoop but never kneel, crouch, or crawl; could not work around unprotected heights or unprotected, dangerous moving machinery; was limited to work with no concentrated exposure to extremes of heat or cold; was limited to work that did not involve any telephone work and was limited to work in an environment with no more than moderate noise levels; and could frequently reach overhead with her right upper extremity. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a school bus driver, teacher's aide, industrial truck operator, strapping machine operator, shipping clerk, or glass inspector. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she was not disabled under the Social Security Act.

**DISCUSSION**

I.  **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ violated the law of the case doctrine when evaluating Plaintiff's incontinence and failed to account for her fatigue and the combined effects of her impairments; (2) the ALJ did not properly evaluate the opinion of Plaintiff's treating neurologist; and (3) the ALJ erred in evaluating Plaintiff's subjective symptoms.

Plaintiff first argues that the ALJ did not abide by this Court's prior remand order (*Jennifer S. v. Kijakazi*, No. 20 C 2785, 2022 WL 45038 (N.D. Ill. Jan. 5, 2022)) and therefore violated the law of the case doctrine. This Court had determined that remand was required because the ALJ's prior decision completely failed to account for Plaintiff's alleged irritable bowel syndrome and colitis. *Id.* at *3. Pertinent to that topic, in her instant July 28, 2022 decision, the ALJ provided a detailed assessment of Plaintiff's bladder and bowel incontinence issues (which she discussed throughout her decision) and determined that Plaintiff's incontinence conditions constituted non-severe impairments. (R. 1510-12.) With respect to Plaintiff's RFC, the ALJ considered the number of bathroom breaks Plaintiff would require and determined that Plaintiff's "non-severe bowel and bladder complaints and any need to use the restroom are accommodated by her use of adult protective undergarments and can be accommodated with usual breaks afforded by employers for the types of jobs cited by the vocational expert." (*Id.* at 1525.) Given that the ALJ specifically assessed the severity of Plaintiff's incontinence conditions and their

7

effect on Plaintiff's RFC, the Court concludes that the ALJ complied with the Court's directive to fulsomely address Plaintiff's asserted bladder and bowel incontinence.

In advancing her first argument, Plaintiff also contends that the ALJ failed to sufficiently account for Plaintiff's problems with fatigue. Pertinent to that assertion, at the remand hearing, Plaintiff elaborated upon her fatigue and testified that her pain increased "the more tired I get" and she "would often be too tired" to carry out activities of daily living. (R. 1553-54.) In her decision, the ALJ noted that Plaintiff's fatigue had improved at one point in 2016 but also acknowledged that Plaintiff's multiple sclerosis symptoms included fatigue in 2018. (R. 1516, 1519.) However, the ALJ did not provide any actual analysis of Plaintiff's asserted fatigue problems.

Under the circumstances, the Court agrees with Plaintiff that the ALJ's consideration of her fatigue falls short of what is required. In light of Plaintiff's documented issues with fatigue, the ALJ was required to fulsomely "discuss [the claimant's] fatigue and how it might affect her job performance." *Holland v. Barnhart*, No. 02 C 8398, 2003 U.S. Dist. LEXIS 15599, at *24-25 (N.D. Ill. Sep. 4, 2003). The ALJ did not do that. Merely acknowledging Plaintiff's fatigue is insufficient. *See Collins v. Berryhill*, No. 17 C 3589, 2018 U.S. Dist. LEXIS 114090, at *10 (N.D. Ill. July 10, 2018); *Lopez v. Berryhill*, 340 F. Supp. 3d 696, 701 (N.D. Ill. 2018). Defendant's only responsive argument is that the ALJ's "discussion of [Plaintiff's] alert mental status findings and daily activities persuasively

8

undermines such allegations [concerning fatigue]." (Def.'s Memo. at 13.) That rebuttal is unavailing as it amounts to a *post hoc* rationalization. Ultimately, the ALJ's failure to properly account for Plaintiff's fatigue requires that this matter be remanded. *See Allen v. Astrue*, No. 06-CV-4660, 2008 U.S. Dist. LEXIS 109559, at *33-34 (N.D. Ill. Nov. 13, 2008) ("Despite these numerous references [to fatigue], it is unclear if, or to what extent, ALJ White considered Allen's fatigue in concluding that he has the residual functional capacity to perform light work with certain specified limitations. On remand, the ALJ must discuss how Allen's fatigue affects his ability to work.") (citations omitted).

Relatedly, Plaintiff argues that the ALJ failed to account for her asserted need to nap during the day. Plaintiff endorsed that requirement at the remand hearing and the ALJ acknowledged Plaintiff's reports that "she would take a nap during the day." (R. 1515.) However, the ALJ did not actually analyze Plaintiff's napping requirements in any manner. An ALJ errs if she leaves "unaddressed Plaintiff's reports she consistently needed to nap during the day." *Balbina K. v. Kijakazi*, No. 20-CV-5078, 2022 WL 2046216, at *3 (N.D. Ill. June 7, 2022). Accordingly, in completely failing to analyze Plaintiff's allegations concerning her need to nap in relation to her work abilities, the ALJ erred. *See Fratantion v. Colvin*, No. 13 C 648, 2014 WL 3865249, at (12 (N.D. Ill. Aug. 5, 2014) ("The ALJ does not discuss the evidence in the record that corroborates [claimant's] reported medication side effects, or how she can perform even sedentary work while having to nap one to two times per day."); *Brazitis v. Astrue*, No. 11 C 7993, 2013 WL

9

140893, at *10 (N.D. Ill. Jan. 11, 2013) ("The ALJ never explained how someone who requires a one-to-two hour midday nap can work a full-time job."). If the ALJ found that Plaintiff's reported nap requirements were unbelievable or would not impact her ability to work, she was required to set forth a rationale for such determinations, which she did not do. *See Cuevas v. Barnhart*, No. 02 C 4336, 2004 WL 1588277, at *15 (N.D. Ill. July 14, 2004) ("To the extent she chose not to address the issues of pain and naps because she found Mr. Cuevas' testimony on these issues to be incredible, the ALJ was required to explain her reasoning."). The ALJ's failure to account for Plaintiff's asserted need to nap is another error requiring that this matter be remanded. *See Gutierrez-Gonzalez v. Astrue*, 894 F. Supp. 2d 1057, 1066 (N.D. Ill. 2012).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the medical opinions are properly evaluated and Plaintiff's subjective symptoms are properly assessed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**          **ENTERED:**

**DATE:**    **August 17, 2023**       _____
                                                                **HON. MARIA VALDEZ**
                                                                **United States Magistrate Judge**